JOURNAL ENTRY and OPINION
Defendant, Eric Robinson, appeals his conviction for trafficking in cocaine and possession of drugs. Defendant argues that the verdict was against the manifest weight of the evidence, and that the evidence presented was insufficient to sustain the conviction. For the reasons set forth below, we affirm.
On December 12, 1998, Officers John Kubas, Phillip Habeeb, Richard Tusing, and Guy Sako, were patrolling and responded to a complaint of drug activity in the area surrounding 9616 Cumberland Avenue in Cleveland, Ohio. Officer Kubas testified that the officers devised a plan whereby he and Habeeb would observe the street activity from a concealed location and Sako and Tusing would remain in their vehicle with constant radio contact among the officers. Any drug activity observed by Kubas and Habeeb would be radioed to Sako and Tusing to make arrests.
Officers Kubas and Habeeb were positioned outside of their vehicle, near a railroad bridge above East 96th Street. At approximately 3:45 a.m. on December 12, 1998, they observed defendant Robinson standing in the middle of Cumberland Avenue near the East 96th Street intersection. Both officers testified that Robinson was distinctly dressed, wearing a black skullcap and long black coat. At approximately 3:55 a.m., Officers Kubas and Habeeb observed a blue and gray Chevy Lumina minivan approach Robinson. Robinson struck up a conversation with the driver of the minivan, Arnold Miles, during which Robinson stated just out here trying to sell dope. According to Kubas and Habeeb, Robinson then spit a small object out of his mouth and handed it to Miles, and then, paper currency was exchanged between Robinson and Miles.
Officer Kubas radioed Sako and Tusing, informing them of the transaction which had taken place. Within minutes, Officers Sako and Tusing pulled over a blue and gray minivan on Yeakel Avenue, parallel to Cumberland. Officer Tusing found crack cocaine inside the minivan. The occupants of the van, Arnold Miles and Gregory Lee, were arrested.
Officer Tusing notified Kubas and Habeeb that drugs were recovered from the van. Thereafter, Kubas and Habeeb approached Robinson in their squad car. Robinson ran from the officers toward an abandoned house located at 9614 Cumberland Avenue. Officers Kubas and Habeeb testified that they lost sight of Robinson momentarily during the pursuit. The officers further testified that the conditions of 9614 Cumberland were filthy, that there was no electricity, and for health and safety reasons they were unable to do a thorough search of the premises. Robinson was found hiding next to a refrigerator in the home. He did not have any drugs or money on him at the time of the arrest.
Robinson testified on his own behalf. Robinson admitted that he was in the area around Cumberland Avenue and East 96th Street on December 12, 1998. He denied having drugs in his possession. Robinson testified that he was wearing a multi-colored flannel jacket at the time of the incident. He denied seeing or speaking to anyone in a minivan on Cumberland Avenue. He admitted entering the abandoned house at 9614 Cumberland Avenue and being arrested there.
Arnold Miles testified on behalf of Robinson. Miles testified that on December 12, 1998, he was driving a blue and gray Chevrolet minivan on Cumberland between Woodhill and East 96th Street. He further admitted that he stopped the minivan at the time in question, but did not remember having a conversation with Robinson. Miles stated that he was on Cumberland at the time in question to visit a friend, who was not at home. He admitted to talking to someone outside of his van, but did not remember seeing Robinson. Miles testified that after discovering his friend was not at home, he left and was stopped by Officers Tusing and Sako on East 93rd Street.
The grand jury returned a three-count indictment against Robinson, charging him with trafficking in cocaine (R.C. 2925.03), preparation of drugs for sale (R.C. 2925.07), and possession of a controlled substance (R.C. 2925.11). Count Two (preparation of drugs for sale) was dismissed upon Robinson's motion pursuant to Crim.R. 29. A jury returned a verdict of guilty on Counts One and Three, and he was sentenced to a concurrent term of six (6) months incarceration on each count. Robinson sets forth the following errors for review:
 I. THE VERDICTS FINDING APPELLANT GUILTY OF DRUG TRAFFICKING AND DRUG ABUSE ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE EVIDENCE PRESENTED WAS INSUFFICIENT TO SUSTAIN A CONVICTION OF GUILT AGAINST APPELLANT ON CHARGES OF DRUG TRAFFICKING AND DRUG ABUSE.
In his first assignment of error, Robinson challenges the jury's finding that he violated R.C. 2925.03 and R.C.2925.11, arguing that said finding is against the manifest weight of the evidence.
In his second assignment of error, Robinson argues that the State did not have a sufficient amount of evidence to establish all the elements required to convict him of violation of R.C. 2925.03 and R.C. 2925.11.
Although the concepts of sufficiency of the evidence and the weight of the evidence are quantitatively and qualitatively different, based on the similarity of Robinson's arguments, these two assignments of error will be addressed together.
The concept of sufficiency of evidence is defined in State v. Thompkins (1997), 78 Ohio St.3d 380, 386-87, as follows:
 With respect to sufficiency of the evidence, `sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. Black's Law Dictionary (6 Ed. 1990) 1433 * * * sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict, is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.
Further, a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Id. citing Robinson, supra.
The standard of review for determining whether the trial court's decision was the against the manifest weight of the evidence is also set forth in Thompkins, citing State v. Martin (1983), 20 Ohio App.3d 172,175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721, as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
R.C. 2925.11 provides: No person shall knowingly obtain, possess or use a controlled substance.
R.C. 2925.03 provides: No person shall knowingly sell or offer to sell a controlled substance.
Robinson argues that the State failed to prove the element of possession, because the officers failed to identify what type of object Robinson had in his possession while they were observing the transaction on December 12, 1998. Further, Robinson contends that because the crack cocaine rock, entered as Exhibit 1, was found in the minivan which Robinson never entered, that the State has failed to link this evidence to Robinson and has thereby failed to establish the elements of R.C.2925.03 and R.C. 2925.11.
As stated in Thompkins, supra, 78 Ohio St.3d at 386-87:
 Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.
 It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect on inducing belief. (Emphasis added.) Black's supra, at 1594.
Resolving inconsistencies in the evidence and determining the credibility of the witnesses is primarily up to the fact finder. State v. DeHass (1967), 10 Ohio St.2d 230, 231, 227 N.E.2d 212, 213. See, also, State v. Jenks (1991), 61 Ohio St.3d 259, 279, 574 N.E.2d 492,507, which provides:
 Where reasonable minds can reach different conclusions upon conflicting evidence, determination as to what occurred is a question for the trier of fact. It is not the function of an appellate court to substitute its judgment for that of the fact finder. Rather, upon appellate review, the evidence must be viewed in the light most favorable to the prosecution.
The evidence presented by the State and the evidence presented by Robinson are in conflict. However, this court must view the evidence in the light most favorable to the prosecution. A careful review of the evidence establishes that Officers Kubas and Habeeb were called to the area near the intersection of Cumberland Avenue and East 96th Street because of a complaint of drug activity. They observed Robinson in the middle of Cumberland Avenue near East 96th Street as he approached a blue and gray Chevy minivan, and heard Robinson state that he just wanted to sell some dope. The officers observed a transaction between Robinson and Miles, whereby a small object was removed from Robinson's mouth, and handed to Miles in exchange for paper currency. Both Officers Kubas and Habeeb were familiar with this area, and have made several drug-related arrests there. Officer Kubas testified that in his experience, drug dealers regularly conceal and transport drugs in their mouths. Miles' van was stopped immediately after the transaction between Robinson and Miles. A rock of crack cocaine was found in Miles' van. Therefore, credible evidence was presented to the jury, whereby it was reasonable to conclude that the small object in Robinson's possession, which Robinson transferred to Miles in exchange for paper currency, was the rock of crack cocaine subsequently found in Miles' van.
The facts above establish that the State presented evidence on each element of the offenses in order to bring this matter to the jury. See Jenks, 61 Ohio St.3d at 259. As such, Robinson's challenge of the sufficiency of the evidence is without merit.
Further, construing the conflicting evidence in the light most favorable to the prosecution, the verdict was not against the manifest weight of the evidence. As such, Robinson's two assignments of error are without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and ANNE L. KILBANE, P.J., CONCUR